# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LORETTA LYNN GREESON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of Social )<br>Security, )<br>)<br>Defendant. ) | 1:13CV906 |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff brought this action pursuant to Section 1631(c)(3) of the Social Security Act (the "Act"), as amended (1383(c)(3)), to obtain review of a final decision of the Commissioner of Social Security denying her claim for Supplemental Security Income ("SSI") under Title XVI of the Act. This matter is before the Court on Defendant's Motion to Dismiss for Failure to Prosecute. (Docket Entry 22.) The Court sent Plaintiff notice of her right to respond (Docket Entry 23), however, she has not filed a response and the period for filing a response brief has expired. For the reasons set forth below, it is recommended that the case be dismissed for Plaintiff's failure to prosecute.

## PROCEDURAL HISTORY

On June 24, 2013, Plaintiff filed this action in the United States District Court for the Western District of Missouri for judicial review of the unfavorable decision of the Administrative Law Judge ("ALJ"). (Docket Entry 4.) Defendant filed a Motion to Change Venue (Docket Entry 9) on September 25, 2013, asserting Petitioner resides in the Middle

District of North Carolina. Plaintiff, through counsel, initially challenged this assertion (Docket Entry 10), but then conceded that she did indeed live in the Middle District of North Carolina (Docket Entry 11). Consequently, Defendant's Motion to Change Venue was granted (Docket Entry 12) on October 8, 2013.

On October 10, 2013, Plaintiff's Missouri counsel moved (Docket Entry 13) to withdraw as Plaintiff's attorney in this matter because he was not licensed to practice law in this District. (*Id.* at 1.) Plaintiff's Missouri counsel's Motion for Leave to Withdraw (Docket Entry 13) states further that he had contacted Plaintiff's prior North Carolina counsel, who represented her "for her Social Security Disability claim while it was pending before the Social Security Administration." (*Id.*) Missouri counsel represented that Plaintiff's prior North Carolina counsel agreed to speak to Plaintiff about taking over as her attorney in this matter once the action was transferred from Missouri to North Carolina. (*Id.*) Missouri counsel represented further that he had explained to Plaintiff that her prior North Carolina counsel was available to discuss taking over her case, explained further to Plaintiff the urgency of obtaining alternate counsel, and also explained "it would be advisable for Plaintiff to immediately procure new counsel as deadlines in this case may be pending in the near future." (*Id.* at 1-2.) However, Plaintiff's Missouri counsel noted that, as of October 10, 2013, Plaintiff had not contacted North Carolina counsel. (*Id.*) Counsel's Motion to Withdraw (Docket Entry 13) was granted on October 11, 2013 (Docket Entry 14), which was the same day the action was transferred to this District. (Docket Entry 15.)

Defendant answered on April 1, 2014, (Docket Entry 18) and also filed the administrative record (Docket Entries 19 and 20). That same day the Court sent Plaintiff a

Letter (Docket Entry 21) informing her that the action would proceed by motions and that Plaintiff's "motions must be filed within 45 days from the date of this letter." (*Id.*) The Letter stated further that failure to comply with the Letter "will be considered a violation of Local Rules 7.2 and 7.3" "for which sanctions may be imposed as provided by Local Rule 83.4." (*Id.* at 2.) On April 11, 2014, the Court's Letter (Docket Entry 21) was returned as "undeliverable" and was marked "ATTEMPTED—NOT KNOWN/UNABLE TO FORWARD." (4/11/2014 Minute Entry.) No motion or pleading from Plaintiff has been filed in this matter and the 45 days has expired.

On July 31, 2014, Defendant filed a Motion to Dismiss for Lack of Prosecution. (Docket Entry 22.) On August 1, 2014 the Court mailed Plaintiff a Letter informing her of her right to respond and instructing her to file any response within 21 days. (Docket Entry 23.) Plaintiff was further informed that her "failure to respond . . . within the allowed time may cause the court to conclude that the defendant's contentions are undisputed. Therefore, unless you file a response in opposition to the motion, it is likely your case will be dismissed or summary judgment granted in favor of the defendant." (*Id.*) On August 15, 2014, the Court's Letter was returned as "undeliverable" and was marked "ATTEMPTED—NOT KNOWN/UNABLE TO FORWARD." (Minute Entry 8/15/2014.) The time for Plaintiff to respond has passed and she has not responded to Defendant's Motion to Dismiss for Lack of Prosecution (Docket Entry 22), nor has she filed any other document.

Last, on January 8, 2015, the undersigned afforded Plaintiff a final opportunity to prosecute her case by entering an Order stating that she had fourteen days to file a motion as per the Court's scheduling order and to respond to Defendant's Motion to Dismiss.

3

(Docket Entry 24.) The undersigned noted that if Plaintiff failed to comply with this Order, he would recommend dismissing her case with prejudice. (*Id.*) The time for Plaintiff to comply with the Court's prior orders and instructions has expired.

## APPLICABLE LAW

Under Rule 41 of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," the Court may enter an order of involuntary dismissal. Fed. R. Civ. P 41(b). In assessing whether dismissal is appropriate under Rule 41(b), a court evaluates (1) the degree of the plaintiff's personal responsibility for the failure; (2) the prejudice caused to the defendant; (3) whether the plaintiff has a history of deliberately proceeding in a dilatory fashion; and (4) the availability of a less drastic sanction. *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (holding the magistrate judge's prior explicit warning that a recommendation of dismissal would result if the plaintiff failed to obey the judge's order was proper grounds for the district court to dismiss the suit when the plaintiff did not comply despite the explicit warning).

Pro se litigants are not held to the same high standards as attorneys. *Hughes v. Rowe*, 449 U.S. 5, 10 n.7 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Pro se litigants must, however, meet certain standards, including "time requirements and respect for court orders without which effective judicial administration would be impossible." *Ballard*, 882 F.2d at 96. Accordingly, pro se litigants are subject to the provisions of Rule 41. Where a plaintiff fails to prosecute her Social Security appeal, dismissal is a necessary and appropriate remedy for the efficient administration of justice. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 631

(1962) (holding that district court did not abuse its discretion in dismissing a case with prejudice for failure to prosecute in order to "achieve the orderly and expeditious disposition of cases."); *Robinson v. Wix Filtration Corp. LLC*, 559 F.3d 403, 409-11 (4th Cir. 2010) (recognizing continued vitality of *Link*, court found district court did not abuse discretion in denying a Rule 59(e) motion based on party's failure to respond to dispositive motion).

Finally, plaintiffs have a general duty to prosecute their cases. In this regard, a pro se plaintiff must keep the Court apprised of her current address. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). A plaintiff's failure to keep the Court informed of a new address constitutes a failure to prosecute. *See Blakney v. Commissioner of Social Sec.*, No. 1:12CV169-LG-JMR, 2013 WL 6796552, *2 (S.D. Miss. Dec. 20, 2013) ("Blakney has not taken any action to prosecute her lawsuit since June 22, 2012. She has apparently moved without notifying the Court of her new address; thus, lesser sanctions are not available to the Court due to its inability to contact her. Finally, the delay is clearly attributable to Blakney since she is a pro se plaintiff, and her conduct appears to be intentional, since she has abandoned her lawsuit."); *Bowie v. Reed*, No. 1:12-cv-154-RJC, 2013 WL 1798968, *1 (W.D.N.C. April, 29 2013) ("Plaintiff's failure to keep the Court informed of his new address constitutes a failure to prosecute."); *Jones v. Social Security Admin.*, Civil Action No. 12–2437, 2013 WL 1397343 (E.D. La. Feb. 22, 2013) *adopted by* 2013 WL 1397340 (E.D. La. April 5, 2013); *Grant v. Astrue*, No. 09-2818, 2010 WL 3023915 (D. Minn. July 13, 2010) *adopted by* 2010 WL 302661 (D. Minn. Aug. 2, 2010); *O'Neal v. Cook Motorcars, Ltd.*, No. Civ. L-96-1816, 1997 WL 907900, *1-2 (D. Md. Apr. 1, 1997) (finding that a pro se plaintiff without a fixed address or telephone number is still obligated to prosecute his case), *affirmed* 149 F.3d 1169 (4th Cir.

1998) (unpublished); *Empasis v. Shalal*, No. C–94–20436 RMW, 1995 WL 55295, *1 (N.D. Cal. Jan. 31, 1995) ("Plaintiff's failure to keep the court informed of his new address constitutes failure to prosecute, as does his failure to comply with the court's June 27, 1994 procedural order.").

## ANALYSIS

Plaintiff has clearly failed to prosecute this action and to comply with orders of this Court. Her action, therefore, is subject to dismissal. Given the lengthy period during which she has taken no action (it has been more than seven months since her dispositive motion was due and at least four months since Plaintiff was to respond to Defendant's motion to dismiss) the Court can only assume that she has decided not to pursue the matter.

To determine whether dismissal is the appropriate sanction for Plaintiff's failure to file any motions or responsive pleadings, the Court has considered the factors outlined in *Chandler Leasing*. First, Plaintiff failed to follow the Court's Scheduling Order or respond to Defendant's motion to dismiss in spite of the Court's transmittal of the required *Roseboro* warning. It is true that Plaintiff likely did not receive the Court's Scheduling Order or its *Roseboro* letter, because these documents have been returned to the court as undeliverable. Nevertheless, as explained above, Petitioner herself bears the responsibility of providing the Court with a reliable means of communicating with her, which she has not done here. Therefore, the first factor weighs in favor of dismissal.

Second, Plaintiff's failure to prosecute has rendered Defendant unable to address the merits of Plaintiff's claim. Defendant has been required to answer the Complaint in this action, as well as compile and file the Administrative Record. Plaintiff now appears to have

abandoned her claim. Thus, the second factor also favors dismissal. Similarly, factor three favors dismissal because Plaintiff has had ample time to respond to the motion to dismiss, and the Court has also made efforts to prod her into filing a brief, but Plaintiff has failed to do either. Plaintiff has failed to follow procedure or to respond to Defendant. And, again, Plaintiff has failed to provide the Court with a reliable means of communicating with her.

Finally, given Plaintiff's complete lack of compliance over a significant period of time, any lesser sanctions would likely be ineffective. The Fourth Circuit has held that a district court does not abuse its discretion by dismissing an action after issuing an explicit and reasonable warning. *Ballard*, 882 F.2d at 95-96. Additionally, lesser sanctions are not available to the Court due to its inability to contact her. Dismissal is an appropriate sanction for Plaintiff's failure to prosecute, non-compliance with the Court's orders, and failure to provide the Court with any reliable means of communicating with her.

## CONCLUSION AND RECOMMENDATION

Wherefore, based on the foregoing, it is **RECOMMENDED** that Defendant's Motion to Dismiss for Lack of Prosecution (Docket Entry 22) be **GRANTED**, that Plaintiff's case be **DISMISSED** with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and that the final decision of Defendant be **AFFIRMED**.

_____
Joe L. Webster
United States Magistrate Judge

January 23, 2015

7